*Gazlay, for appellee.*

----

## DINSLOR v. FRESH ET UX.

Slander—Excessive Verdict—Passion or Prejudice.

In an action for slander, which was exceedingly aggravated, a verdict of $8,000 for damages, held to be not so flagrantly excessive as to indicate passion or prejudice.

New Trial—Newly Discovered Evidence—Effect to Mitigate the Offence.

Alleged newly discovered evidence, though showing no semblance of justification for slanderous words, where its doubtful tendency might serve to slightly mitigate the amount recoverable, will authorize a new trial, and no wrong be done the appellees.

APPEAL FROM BRACKEN CIRCUIT COURT.

June 16, 1866.

The words spoken by defendant and sued on as slanderous, by the plaintiff are as follows, to wit: "Mary Fresh, you are a whore; a bad woman." Then to John Fresh, husband of Mary Fresh, defendant said: "Your wife cuts herself in the finger, when she was Brown's wife, and before you, Fresh, married her; you, Fresh, understand what I mean, Brown had to get a doctor

to cure her twice." Defendant then laughed and said: "You, Fresh, understand that." All being spoken in the presence of several other parties. Testimony was alleged to have been discovered, after the verdict and judgment, of a former unlawful co-habitation with others.

OPINION OF THE COURT BY JUDGE ROBERTSON:

If the appellant, by diligent inquiry and careful scrutiny, might have ascertained before the trial that the appellee, Mary Fresh, was then pregnant, it might have been difficult, and probably impossible, to know that she had been impregnated before marriage. The subsequent birth of her child and its apparent age were necessary to lay a foundation for a safe judgment on that point. And therefore, although he appears to have been very negligent, yet, had he been more diligent, he might not have been able to make any proof of her conception before marriage. And had he been able to do so, it would have been of but little weight as evidence that she was a whore by merely, as might be presumed, anticipating with her betrothed husband, their approaching nuptials.

But, considering the apparent condition of the parties, a verdict for $8,000 seems quite high, though perhaps not so flagrantly excessive as to indicate passion or prejudice in the jury. The slander, as charged, was exceedingly aggravated, and, without any other testimony than that alleged to have been discovered since the trial, there could be no semblance of justification, and at the utmost, the doubtful tendency of that single fact would but slightly mitigate. But as it might have, and probably would have, such an effect and the verdict might have been somewhat reduced by it had it appeared before the jury, we are inclined after carful and perplexing consideration, to think that, without any violation of principle or law, a new trial would do the appellees no wrong, and would afford a more satisfactory and assuring evidence of justice.

Wherefore, the judgment is reversed, and the cause remanded for a new trial.

*Stanton & Throop, for appellant.*

*W. C. & F. F. Marshall, for appellees.*